JOSEPH SUTTON *v.* W. H. PERKINS ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—233.]

**Sufficiency of Attachment Bond.**

When a demand in an attachment suit is for $780 and the bond is in the sum of $1,400, the court, nothing else appearing, will presume it sufficient.

**Property of Subtenant Liable for Rent.**

In a contest between a landlord and a subtenant the personal property of the subtenant on the premises is liable for the rent accruing after he entered, and a contest between the tenant and subtenant can not regulate the amount of the landlord's recovery

unless he has accepted it in lieu of his contract with the tenant. The fact that the landlord received a portion of the rent money paid by the subtenant on his contract with the tenant is not evidence of an acceptance of the contract between the tenant and subtenant.

## APPEAL FROM DAVIESS CIRCUIT COURT.

### February 26, 1881.

OPINION BY JUDGE HINES:

The bond executed to obtain the attachment was sufficient. The statute prescribes no form for a bond to obtain an attachment for rent, but provides that the bond shall have good security to indemnify the defendant, that is, to secure him against any loss by reason of the levy of the attachment. That the bond is given in a certain sum does not invalidate it, provided the sum is large enough to secure the defendant against loss; and where, as in this case, the amount sought to be recovered is $780, and the bond is in the sum of $1,400, the court, nothing else appearing, will presume it sufficient. But if that were not true, the bond subsequently tendered and accepted, conditioned to indemnify, was authorized by Buckner & Bullitt's Civ. Code (1876), §§ 198, 682. Nor does it matter that at the time the last bond was given Hill was dead. No objection is made to the sufficiency of the security, nor is any reason perceived why the bond should be held invalid because the name of the dead partner appears in the firm name to the bond.

The answer discloses no equitable matter that is properly cognizable in equity, nor does it disclose where there is another suit pending with which this case should be consolidated. There is no bill of evidence in this case, and nothing in the pleadings to show that the amount for which the judgment was rendered was not for rent due and to become due within a year from the date of the attachment, and nothing to show that all the rent did not accrue after the interest of the subtenant, Sutton, began. In a contest between the landlord and the subtenant the property of the subtenant upon the premises is liable for the rent accruing after he entered. This is not a question of priority of liens, such as is contemplated by Gen. Stat. (1879), Ch. 66, Art. 2, § 12.

The contest between the tenant and the subtenant can not regulate the amount of the landlord's recovery unless he has accepted it

in lieu of his contract with the tenant. The fact that the landlord received a portion of the rent money paid by the subtenant on his contract with the tenant is no evidence of an acceptance and adoption of the contract between the tenant and subtenant.

Judgment *affirmed*.

*McHenry & Haynes, for appellant.*

*Owen & Ellis, for appellees.*

